# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN HOLT,<br><br>        Plaintiff,<br><br>    vs.<br><br>M. ALVARADO, et al.,<br><br>        Defendants. | 1:19-cv-00930-NONE-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AS MOOT, WITHOUT PREJUDICE**<br>**(ECF No. 10.)** |

**I.  BACKGROUND**

Calvin Holt ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 19, 2019, Plaintiff filed the Complaint commencing this action in the Kings County Superior Court in Hanford, California, case number 19C0135. (ECF No. 1 at 5.) On July 3, 2019, the case was removed to the federal court under 28 U.S.C. § 1441(a) by defendants M. Alvarado, A. Shaw, S. Sherman, and M. Owens ("Defendants"). (Id. at 1.)

On August 21, 2020, the court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.)

On September 21, 2020, Plaintiff filed a motion to remand this case to state court. (ECF No. 10.) On October 13, 2020, Defendants filed an opposition to the motion. (ECF No. 11.) On October 28, 2020, Plaintiff filed a reply to the opposition. (ECF No. 12.)

The motion to remand is now before the court. L.R. 230(*l*).

## II. REMOVAL AND REMAND

Pursuant to 28 U.S.C. § 1441(a), removal is appropriate for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ." Removal statutes are strictly construed. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir. 1986) (internal citation omitted).

### Subject Matter Jurisdiction

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). A federal court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392 (internal quotations and citation omitted). "The rule makes plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. In other words, a plaintiff may defeat removal by choosing not to plead any federal claims. Id. at 399. The existence of federal jurisdiction is determined by the complaint at the time of removal. Libhart, 592 F.2d at 1065.

Plaintiff moves to remand on the ground that there is no federal jurisdiction over this case because he "initially filed the instant matter in State Court, pursuing state violations (i.e. Negligence/California Constitutional violations, etc.)." (ECF No. 10 at 1-2.) Defendants oppose the motion to remand, arguing that the federal court has subject matter jurisdiction over the case because "the complaint cites as causes of action the 'Equal Protection of the Laws,' which derives from the Fourteenth Amendment to the U.S. Constitution, and 'Cruel & Unusual Punishment,' which derives from the Eighth Amendment to the U.S. Constitution." (ECF No. 11 at 3:5-8.) (quoting ECF No.1 at 9.)

### III. DISCUSSION

Here, Plaintiff's motion to remand is not properly before the court because there currently is no complaint on file in this case. Plaintiff's original Complaint was dismissed on August 21, 2020, with leave to amend, and Plaintiff has not as yet filed an amended complaint. Therefore, the motion to remand is moot and shall be denied as such. Plaintiff is not precluded from renewing the motion to remand after he has filed an amended complaint. Defendants may file a response to the motion to remand, if any such motion is filed, within 21 days of the date the motion is filed and served, pursuant to Local Rule 230(*l*). Defendants should note that a motion to remand on the basis of lack of subject matter jurisdiction may be made at any time before final judgment. 28 U.S.C. § 1447(c).

### IV. CONCLUSION

Plaintiff's motion to remand is not properly before the court and shall be denied as moot, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion to remand, filed on September 21, 2020, is DENIED, without prejudice.

IT IS SO ORDERED.

   Dated:  **November 5, 2020**              /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE