UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN HOLT,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>M. ALVARADO, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-00930-NONE-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER<br><br>(Doc. No. 15.) |

**I.　　BACKGROUND**

　　Plaintiff, Calvin Holt, is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.  On March 19, 2019, plaintiff filed the complaint commencing this action at the Kings County Superior Court, Case Number 19C0135.  (Doc. No. 1 at 5.)  On July 3, 2019, the complaint, which at least arguably appeared to assert federal claims for relief, was removed to the federal court under 28 U.S.C. § 1441(a) by defendants M. Alvarado, A. Shaw, S. Sherman, and M. Owens.  (*Id.* at 1.)

　　On August 21, 2020, the assigned magistrate judge screened plaintiff's complaint under 28 U.S.C. § 1915A, concluded that it failed to state a cognizable claim, and dismissed the

/////

complaint with leave to amend.  (Doc. No. 9.)  To date, plaintiff has not filed an amended complaint.[1]

On September 21, 2020, plaintiff filed a motion to remand this case to state court.  (Doc. No. 10.)  On November 6, 2020, the magistrate judge assigned to this case denied that motion as moot, without prejudice.  (Doc. No. 13).

On November 30, 2020, plaintiff filed an objection to the order denying his motion for remand, which the undersigned construes as a request for reconsideration by the district judge assigned to this case.

## II. REQUEST FOR RECONSIDERATION BY DISTRICT JUDGE

### A. Legal Standard

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection.'"  Local Rule 303(c).  "The standard that the assigned Judge shall use in all such requests is the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

### B. Plaintiff's Request for Reconsideration

Plaintiff requests reconsideration of the magistrate judge's order issued on November 6, 2020, which denied plaintiff's motion for remand as moot, without prejudice.  Plaintiff states no basis for his objection to the magistrate judge's order but, rather, merely requests the court to re-examine his motion to remand (Doc. No. 10) and his response in opposition to defendant's opposition to the motion (Doc. No. 12).

After review of the record relevant to this matter, the undersigned does not find the magistrate judge's rulings set forth in the order denying plaintiff's motion for remand to be erroneous or contrary to law.  While it is not entirely clear that "mootness" is the correct framework for rejecting plaintiff's motion to remand in this particular procedural situation, plaintiff's motion to remand is certainly premature and was therefore properly denied.  There are

---

[1] As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

findings and recommendations pending in this action that, if adopted, would result in dismissal of plaintiff's original complaint. (Doc. No. 14.) Plaintiff in fact concedes that any federal claims he has brought in this case should be dismissed without prejudice. (Doc. 10 at 1.) Plaintiff expresses his intent to pursue only state law claims concerning the events described in his complaint. (*Id*.) Plaintiff indicates that he seeks remand to avoid having to re-file his claims in a new case in state court (thereby requiring him to re-pay any state court filing fees). (*Id*. at 2.) The proper procedural pathway for plaintiff to request remand is for plaintiff to file an amended complaint in this case that attempts to assert only state law claims.[2] The court can then entertain a motion to remand. In sum, because his motion to remand is premature, plaintiff's request for reconsideration will be denied.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration of the magistrate judge's November 6, 2020 order is DENIED; and
2. This case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **December 10, 2020**

UNITED STATES DISTRICT JUDGE

---

[2] Because the district court has not yet addressed the pending findings and recommendations, plaintiff does not presently formally have leave to amend his complaint, but the court would entertain an amended complaint at any time, as leave to amend is to be "freely give[n]" when justice so requires. Fed. R. Civ. P. 15(a)(2).