UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALVIN HOLT,<br><br>    Plaintiff,<br><br>  vs.<br><br>M. ALVARADO, et al.,<br><br>    Defendants. | 1:19-cv-00930-NONE-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR REMAND BE GRANTED (ECF No. 20.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

## I. BACKGROUND

Calvin Holt ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. On March 19, 2019, Plaintiff filed the Complaint commencing this action in the Kings County Superior Court in Hanford, California, case number 19C0135. (ECF No. 1 at 5.) On July 3, 2019, the case was removed to the federal court under 28 U.S.C. § 1441(a) by defendants M. Alvarado, A. Shaw, S. Sherman, and M. Owens ("Defendants"). (Id. at 1.)

On August 21, 2020, the court screened Plaintiff's Complaint under 28 U.S.C. § 1915A and dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 9.) On February 1, 2021, Plaintiff filed the First Amended Complaint which is now before the court for screening. 28 U.S.C. § 1915A. (ECF No. 20.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at the California Substance Abuse Treatment Facility (SATF) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the Complaint allegedly occurred. Plaintiff names as defendants M. Alvarado (Correctional Officer), A. Shaw (Appeals Coordinator), S. Sherman (Warden), and M. Owens (Lieutenant) (collectively, "Defendants"). A summary of Plaintiff's allegations follows:

On June 7, 2018, defendant C/O Alvarado negligently, subjectively, objectively, and maliciously concocted and filed Rules Violation Report (RVR) #5151248 against Plaintiff, accusing Plaintiff of violating California Code of Regulations Title 15 § 3005(c). This resulted in foreseeable harm to Plaintiff. Under Governing Administrative Regulations, said RVR constituted

"stacking," given that Plaintiff had a similar charged offense, RVR #5019370, which had not been adjudicated and lawfully precluded the charging of a similar offense RVR.

While constructing said RVR, defendant C/O Alvarado negligently/gross negligently failed to perform her fiduciary duty (see CCR. Tit. 15 § 3392) that required her to access readily available information alerting (see CRR Tit. 15, § 3395) her of Plaintiff's pending RVR for a similar offense, or she gross negligently/maliciously/subjectively/objectively sought to engage in foreseeable harm by reporting the RVR and filing a false report, notwithstanding "stacking clauses," giving rise to violations of Penal Code §§ 148.5(b), and 118(a) and (b), et seq. as well. This resulted in harm to Plaintiff.

Despite Plaintiff's timely objection preceding and during his RVR Hearing on June 17, 2018, citing "stacking" violations to the Senior Hearing Officer (SHO), Lieutenant Owens, negligently/gross negligently imposed an illegal sentence/penalty assessments of 90 days loss of credits and 90 days loss of privileges enjoyed by similarly situated inmates. This violated CA Const. Art. I, § 7 and CA Const. Art. I § 17, because the SHO's acts and omissions to act were cruel and unusual. Plaintiff declares that he solely seeks to pursue state causes of actions resulting from negligence/gross negligence, causing Plaintiff's injuries.

On July 16, 2018, Plaintiff filed an administrative appeal (Log No. SATF-D-18-03893), regarding the above injustice, and the appeal was negligently/gross negligently denied by supervisory officials A. Shaw (Correctional Counselor II) and Warden Stuart Sherman at the institutional level of review, resulting in foreseeable harm to Plaintiff. Subsequently, ultimately, and untimely, the appeal was granted at the third level of review by Sacramento's Chief of Inmate Appeals, on January 11, 2019, subsequent to Plaintiff completing/serving the 90 days illegal sentence/loss of privileges (i.e., phone access; regular yard and recreation access; dayroom access; canteen purchases; receipt of packages from approved vendors; usage of personal appliances, C-Status, etc.).

On October 5, 2018, Plaintiff filed a Government Claim that was denied on or about December 10, 2018; and thereafter Plaintiff timely filed the instant Complaint in the Superior Court of California for the County of Kings.

Plaintiff requests as relief that the court remand this case to the Superior Court of California for the County of Kings in Hanford, California and/or for this court to exercise its pendent/supplemental jurisdiction over the state claims in this case, declaring that Plaintiff is solely pursuing damages under state causes of action, for more than $25,000.00, punitively, according to proof, and for reimbursement/compensation pursuant to CCP § 1233.5  Also, any additional relief this court deems fit.

**IV.    MOTION TO REMAND**

Plaintiff requests that this case be remanded to the Superior Court of California, Kings County, in Hanford, California.

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). "Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed." Jablonski v. Claremont Graduate Univ., No. 220CV10695FLARAOX, 2021 WL 424419, at *1–2 (C.D. Cal. Feb. 8, 2021) (quoting Spencer v. U.S. Dist. Court, 393 F.3d 867, 871 (9th Cir. 2004). "When removal is proper at that time, subsequent events, at least those that do not destroy original subject matter jurisdiction, do not require remand." Id.  Generally, when all federal claims are dismissed in a lawsuit's early stages and only state law claims remain, the court should decline to exercise jurisdiction over the remaining state law claims. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343at 350; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim.")). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." § 1447(c) (emphasis added).

No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court. Kelton Arms, 346 F.3d at 1192.  Moreover, the district court generally must remand the case to state court, rather than dismiss it. Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997)). Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate

4

the matter.  Polo v. Innoventions Int'l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016).  State courts are not bound by the constraints of Article III.  ASARCO Inc. v. Kadish, 490 U.S. 605, 617, 109 S.Ct. 2037, 104 L.Ed.2d 696 (1989).

Here, Plaintiff has omitted the federal claims from the First Amended Complaint, and there is no other basis for subject matter jurisdiction.[1] The remaining claims assert violations of the California Constitution and common law and are best resolved in state court.  See Cohill, 484 U.S. at 350.

## V.     RECOMMENDATIONS AND CONCLUSION

Accordingly, the court **HEREBY RECOMMENDS** that Plaintiff's motion be granted and this action be remanded to the Superior Court of California, Kings County, in Hanford, California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within **ten (10) days** after the date the objections are filed.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 17, 2021**              /s/ Gary S. Austin
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff cannot establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the named parties are not diverse.  Jablonski, 2021 WL 424419, at *2.  (See First Amended Complaint, ECF No. 20 at 3-4.)